# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CARL L. CHANEY LITTLEJOHN,<br><br>Plaintiff,<br>vs.<br><br>THOMPSON ELECTRIC COMPANY,<br><br>Defendant. | No. C15-4013-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |

_____

## I.     INTRODUCTION AND BACKGROUND

### *A.     Factual Background*

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Thus, the factual background to the pending motion to dismiss must be drawn from the factual allegations in plaintiff Carl L. Chaney Littlejohn's *pro se* Complaint, unless other matters are also incorporated by reference, integral to his claims, subject to judicial notice, matters of public record, orders, or in the record of the case. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). In this case, Littlejohn attached to his *pro se* Complaint an United States Equal Employment Opportunity Commission Dismissal and Notice of Rights form, a Colorado Department of Labor and Employment, Division of Unemployment Insurance ("the

Division") hearing officer's decision concerning Littlejohn's right to unemployment benefits, documents Littlejohn submitted to the hearing officer, as well as a copy of Littlejohn's civil summons in this case. Thus, the factual background presented, here, is based on Littlejohn's allegations in his Complaint and the attached documents.

On January 7, 2014, Littlejohn began working, as an electrician, on a Thompson Electric work site in Iowa. The work site was governed by a contract between Thompson Electric and Local Union 22. In his last week on the job, Littlejohn worked 24 regular hours and 11 overtime hours. His last day at the work site was June 21, 2014.

After leaving the work site on June 21, 2014, Littlejohn did not work any additional hours and returned to Denver. On June 24, 2014, Littlejohn filed a grievance with the local union in Omaha, claiming he was denied overtime hours. The following day, on June 25, 2014, a separation notice was processed by Thompson Electric for Littlejohn, who was not at work on Monday June 23, 2014, or Tuesday June 24, 2014. The separation notice states that the reason for Littlejohn's termination is "Quit without notice." Separation Notice at 1, Attachment to Complaint at 9. The separation notice also indicates that Littlejohn is not "SUBJECT TO REHIRE." Separation Notice at 1, Attachment to Complaint at 9. Littlejohn claims he submitted paperwork requesting time off for both June 23, 2014, and June 24, 2014, in order to refinance his home.

Littlejohn filed a grievance with the union over his termination. The union dismissed Littlejohn's grievance. In that grievance, Littlejohn alleged Thompson Electric breached the terms of the union contract between it and the International Brotherhood of Electrical Workers, Local 22, Omaha, Nebraska.

Littlejohn filed for unemployment compensation benefits in his home state of Colorado. Littlejohn was initially awarded benefits by a deputy of the Division based on the deputy's finding that Littlejohn had been discharged without being given a reason. In reaching this decision, the deputy did not consider Thompson Electric's resistance to

2

Littlejohn's application because it was deemed untimely. Thompson Electric appealed the decision and the hearing examiner found that Thompson Electric demonstrated good cause for why its resistance was not timely. The hearing examiner reinstated Thompson Electric's right to protest the decision to award unemployment benefits.

On March 27, 2015, the deputy found that Littlejohn had voluntarily quit his employment with Thompson Electric and was, therefore, ineligible for unemployment compensation benefits. Littlejohn appealed the denial of the benefits. On April 28, 2015, Littlejohn was awarded benefits after a hearing officer found that, while Thompson Electric believed Littlejohn had quit, Littlejohn had not done so. Thus, the hearing officer found that Littlejohn was not at fault for his termination. Thompson Electric has appealed that decision.

### B. *Procedural Background*

Littlejohn subsequently filed a *pro se* Complaint alleging he was wrongfully terminated by Thompson Electric in retaliation for his filing a grievance with his union, in violation of the Civil Rights Act of 1964 ("Title VII"). Littlejohn also contends that Thompson Electric's appeal of the award of unemployment benefits was retaliatory. Littlejohn seeks $3 million in compensatory damages. Thomson Electric has filed a Motion to Dismiss Littlejohn's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Littlejohn filed a response in opposition to Thompson Electric's Motion to Dismiss. Thompson Electric did not file a reply.

## II. LEGAL ANALYSIS

### A. Standards For Motions To Dismiss

Thompson Electric moves to dismiss Littlejohn's *pro se* Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals has explained,

> We review *de novo* the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*, 686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards).

Courts consider "plausibility" under this Twom-bal standard[1] by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting

---

[1] The "*Twom-bal*" standard is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading

4

Iqbal, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id*. (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id*. at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting [*Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 555, 127 S. Ct. 1955 [(2007)]).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

With the above standards in mind, I turn to consider Thompson Electric's Motion to Dismiss.

---

requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Twombly*, 550 U.S. at 544; *see also Iqbal*, 556 U.S. at 662.

### B. Littlejohn's Title VII Retaliation Claim

As noted above, Littlejohn alleges in his *pro se* Complaint that he was wrongfully terminated by Thompson Electric in retaliation for his filing a grievance with his union, in violation of Title VII. Littlejohn also contends that Thompson Electric's appeal of the award of unemployment benefits to him was retaliatory.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e–3(a). The Supreme Court has defined "oppose" in this context by looking to its ordinary meaning: "to resist or antagonize . . .; to contend against; to confront; resist; withstand, . . . to be hostile or adverse to, as in opinion." *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 276 (2009) (internal citations omitted) (quoting WEBSTER'S NEW INTERNATIONAL DICTIONARY 1710 (2d ed.1958); RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1359 (2d ed. 1987)). This definition led the Court to conclude that the threshold for oppositional conduct is not onerous. Instead, "[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." *Crawford*, 555 U.S. at 276 (internal quotation marks omitted) (citing 2 *EEOC Compliance Manual* §§ 8–II–B(1), (2), p. 614:0003 (Mar. 2003)).

The *McDonnell Douglas* burden-shifting framework applies to retaliation claims. *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 880 (8th Cir. 2014); *see Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 978 (8th Cir. 2012); *Gibson v. American Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012); *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005). Under that framework, if Littlejohn establishes a *prima facie* case of Title

VII retaliation, Thompson Electric must then rebut it by presenting evidence of a legitimate, non-retaliatory reason for the action it took against Littlejohn. *Fiero*, 759 F.3d at 880. If Thompson Electric presents evidence of a legitimate, non-retaliatory reason for an adverse action against Littlejohn, Littlejohn is then required to present evidence that: (1) creates a question of fact as to whether the employer's proffered reason was pretextual, and (2) creates a reasonable inference that the employer acted in retaliation. *Id*.

To establish a *prima facie* case of Title VII retaliation, Littlejohn must allege that: "'(1) he engaged in protected conduct, (2) he suffered a materially adverse employment action, and (3) the adverse action was causally linked to the protected conduct.'" *Rebouche v. Deere & Co.*, 786 F.3d 1083, 1088 (8th Cir. 2015) (quoting *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011)); *see Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015); *Musolf v. J.C. Penny Co.,* 773 F.3d 916, 918 (8th Cir. 2014); *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 880 (8th Cir. 2014). "To show a causal connection, a plaintiff must show that her protected activity was a but-for cause of her employer's adverse action." *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 888 (8th Cir. 2015) (citing *University of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013)).

Thompson Electric argues that the only protected activity that Littlejohn alleges that he engaged in was the filing of a union grievance concerning overtime pay and such an action is not a protected activity under Title VII. In his response, Littlejohn argues that "[d]ue to the fact that Defendant and it's counsel are being very foul in it's approach and behavior toward the court and Plaintiff," he requests that "this court proceed and go forward." Plaintiff's Response at 1.

Filing a union grievance concerning overtime pay can only constitute protected activity if that action represents an intent to complain about discriminatory employment practices within the meaning of Title VII. *See Clark Cty. Sch. Dist. v. Breeden*, 532

U.S. 268, 271 (2001) (*per curiam*) (holding that standard requires that reasonable person believe conduct complained of violated Title VII). In short, there must be some *indicia* in filing the union grievance suggesting that the employee has made a complaint concerning a protected activity. Littlejohn's filing of a union grievance concerning overtime pay, however, does not represent such an objection to discrimination and, therefore, is not protected activity within the meaning of Title VII. *See Melie v. EVCI/TCI College Admin.*, 374 Fed. App'x 150, 153 (2d Cir. 2010 ((holding that union grievances that do not complain of discrimination do not constitute a "protected activity"); *Stucky v. Department of Educ.*, 283 Fed. App'x 503, 505 (9th Cir. 2008) (holding that union grievances plaintiff filed did not "qualify as protected activities because the record does not establish that they were lodged in opposition to Title VII violations."); *Moore v. United Parcel Serv., Inc.*, 150 Fed. App'x 315, 319 (5th Cir. 2005) (holding that a delivery driver's grievance—alleging that the company violated the union agreement when it fired him—was not a protected activity under Title VII where the grievance "made no mention of race discrimination."); *Lewis v. Conn. Dep't of Corr.*, 355 F. Supp.2d 607, 617–18 (D. Conn. 2005) (holding that grievances were not protected activity when it failed to mention discrimination); *Clemente v. New York State Div. of Parole*, No. 01 Civ. 3945(TPG), 2004 WL 1900330, at *13 (S.D.N.Y. Aug. 24, 2004) (holding that union grievances that do not allege discrimination do not qualify as protected activity under Title VII); *Vital v. Interfaith Med. Ctr.*, No. 96CV363FBSMG, 2001 WL 901140, at *6 (E.D.N.Y. July 31, 2001) (same); *see also Smith v. Potter*, 252 Fed. App'x 224, 229 (10th Cir.2007) ("The union-grievance hearing was not protected opposition to discrimination and therefore not protected by Title VII."). Thus, Littlejohn's Complaint does not allege a *prima facie* case of retaliation under Title VII. Accordingly, Thompson Electric's Motion To Dismiss is granted.

### *III.    CONCLUSION*

For the reasons discussed above, Thompson Electric's Motion To Dismiss is granted.  Judgment shall enter accordingly.

**IT IS SO ORDERED**.

**DATED** this 7th day of October, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA