# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

CARL L. CHANEY LITTLEJOHN,

              Plaintiff,

vs.

THOMPSON ELECTRIC COMPANY,

              Defendant.

No. C15-4013-MWB

**ORDER REGARDING PLAINTIFF'S**
***PRO SE* MOTION TO RECONSIDER**

_____

This case is before me on plaintiff Carl L. Chaney Littlejohn's *pro se* motion to reconsider (docket no. 28). In his motion, Littlejohn requests that I reverse my prior order granting defendant Thompson Electric Company's Motion to Dismiss. Littlejohn asserts that he has alleged facts which support his claim that Thompson Electric retaliated against him for filing a grievance with his union, in violation of the Civil Rights Act of 1964 ("Title VII"). Littlejohn does not state the authority under which he brings his current motion. I conclude that he is asking me to rethink my prior ruling.

In my order granting Thompson Electric's Motion to Dismiss, I concluded that Littlejohn's filing of a union grievance could only constitute protected activity if that action represented an intent to complain about discriminatory employment practices within the meaning of Title VII. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (*per curiam*) (holding that standard requires that reasonable person believe conduct complained of violated Title VII). I determined that Littlejohn's filing of a union grievance, concerning overtime pay, did not represent an objection to discrimination and, therefore, was not protected activity within the meaning of Title VII. *See Melie v. EVCI/TCI College Admin.*, 374 Fed. App'x 150, 153 (2d Cir. 2010) (holding that union grievances that do not complain of discrimination do not constitute a "protected activity"). In his motion to

reconsider, Littlejohn points to alleged facts which he asserts establishes the validity of his union grievance concerning overtime pay. Nothing about these facts, however, persuade me that my conclusion that Littlejohn's union grievance filing was not protected activity within the meaning of Title VII was incorrect. Accordingly, Littlejohn's *pro se* motion to reconsider is denied.

**IT IS SO ORDERED**.

**DATED** this 14th day of March, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA